Brau Ramírez, Juez Ponente
*736 TEXTO COMPLETO DE LA RESOLUCION
I
El peticionario Amílcar Martínez recurre de una resolución emitida el 30 de julio de 1998 por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante el dictamen en cuestión, el Tribunal de Primera Instancia denegó una Petición ex parte presentada por el peticionario para la Declaración de Incapacidad y Nombramiento de Tutor Ad Hoc de su esposa, la Sra. Juana Fuentes Agosto, bajo la sección 2027 del Código de Rentas Internas de 1994,13 L.P.R.A. see. 9027.
Denegamos.
Según se desprende del recurso, la esposa del peticionario se encuentra físicamente incapacitada de caminar debido a un severo padecimiento de artritis reumatoidea. La Sra. Fuentes recibe pensiones del Seguro Social y del Seguro por Incapacidad No Ocupacional ("S.I.N.O.T.").
En vista de su padecimiento, la Sra. Fuentes no tiene una licencia de conducir, dependiendo del peticionario para que éste la transporte a los distintos lugares.
La parte peticionaria adquirió un vehículo de motor especial para personas con impedimentos físicos, con el propósito de transportar a la Sra. Fuentes. La compra de dicho vehículo se llevó a cabo en el estado de la Florida. El mismo se encuentra en los muelles de Puerto Rico desde julio de 1998, pendiente el pago de arbitrios.
A pesar de que el vehículo fue adquirido para el uso de la Sra. Fuentes, la intención de las partes es que el mismo fuese conducido por el peticionario. En, vista de ello, el 22 de julio de 1998, el peticionario presentó una petición ante el Tribunal de Primera Instancia en la que solicitaba la declaración de incapacidad de su esposa y su nombramiento de tutor ad hoc, a los únicos fines de beneficiarse de la exención del pago de arbitrios establecido por la sección 2027 del Código de Rentas Internas, 13 L.P.R.A. see. 9027.
La petición aclaraba que ”[e]n vista que [la Sra. Fuentes Agosto] está capacitada para regir sus bienes, la tutoría aquí solicitada por el Peticionario es a manera de equidad, a los únicos fines de cumplir con la Ley de Arbitrios y no, a los fines de la tutoría a que se refiere el art. 167 de nuestro Código Civil, 31 L.P.R.A. see. 661."
La petición invocaba el Boletín Informativo emitido por el Departamento de Hacienda en tomo a los requisitos exigidos por dicha agencia para la exención, los cuales, según el peticionario, incluían una declaración de incapacidad de la Sra. Fuentes y la designación del peticionario como su tutor ad hoc.
El 30 de julio de 1998, mediante la resolución recurrida, el Tribunal de Primera Instancia declinó dar curso a la solicitud del peticionario, expresando que ésta tenía que cumplir con los requisitos de incapacidad para administrar bienes y persona establecidos por el Código Civil. El Tribunal añadió que "[e]l Boletín del Departamento de Hacienda] no requiere la tutela, ésta es opcional."
El peticionario solicitó reconsideración de esta resolución, la que no fue acogida por el Tribunal.
Insatisfecho, acudió entonces a este foro.
II
En su recurso, el peticionario alega que erró el Tribunal de Primera Instancia al denegar su petición.
El art. 167 del Código Civil define la tutela como la "guarda de las personas y bienes, o solamente de lós bienes, de los que, no estando bajo la patria potestad, son incapaces de gobernarse a sí mismos." 31 L.P.R.A. see. 661. El procedimiento para el nombramiento de un tutor está establecido por el capítulo 221 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sees. 2661-2666. El mismo incluye la presentación de una declaración jurada, la prestación de una fianza y la inscripción de la tutela en el registro de tutelas.
*737 Nuestro ordenamiento contempla ciertas tutelas especiales, como la tutela de veteranos, las cuales se hallan expresamente reglamentadas en el Código Civil, 31 L.P.R.A. sees. 861 y ss.
Por su parte, la sección 2027 del Código de Rentas Internas de 1994 concede una exención del pago de arbitrios, incluyendo los arbitrios correspondientes a vehículos de motor introducidos en nuestra jurisdicción, a favor de personas con impedimentos. Dicha sección establece, en lo pertinente:

"Exenciones a personas con impedimentos

(a) Las personas que a continuación se indican podrán adquirir libre del pago de arbitrios un vehículo de motor especialmente preparado y equipado para su uso personal o de la persona parapléjica a quien esté destinado, de acuerdo a las reglas que al efecto se adopten:

(1) Toda persona a quien le hayan amputado ambas manos y tenga la autorización correspondiente para conducir vehículos de motor.

(2) Toda persona permanentemente parapléjica y toda persona con una incapacidad permanente de naturaleza similar que esté debidamente autorizada para conducir vehículos de motor.

(3) Toda persona ciega o con una incapacidad física permanente que no le permita conducir un vehículo, pero que utilice los servicios de un conductor autorizado para llegarse al lugar donde desempeña un trabajo remunerado.

(4) Todo padre o tutor de un menor no emancipado y todo tutor de un adulto judicialmente incapacitado, siempre que el menor no emancipado y el adulto judicialmente incapacitado estén permanentemente parapléjicos. El vehículo a adquirirse deberá destinarse a la transportación de la persona parapléjica.

13 L.P.R.A. see. 9027.
A tenor con la autorización concedida por el precepto citado, el Departamento de Hacienda emitió un Boletín Informativo enumerando los siguientes requisitos exigidos por dicha agencia para la aplicación de la exención:

"El Secretario podrá reconocer la exención siempre y cuando la persona lo solicite por escrito y acompañe los siguientes documentos:

(1) Certificado médico firmado en original por un médico especialista en la rama correspondiente, autorizado a ejercer su profesión en Puerto Rico, en papel con membrete oficial de éste donde se indique detalladamente la condición de incapacidad del impedido a quien estará destinado el uso del vehículo.

(2) Copia de la orden de compra del vehículo. Deberá indicar que los arbitrios no están incluidos en el precio de venta. Si fueron incluidos, [acompañar] autorización del vendedor para que el comprador pueda reclamar los arbitrios pagados.

(3) Copia de la licencia de conducir expedida por el Departamento de Transportación y Obras Publicas del padre o tutor del impedido.

(4) Copia de la licencia del vehículo donde conste que el mismo aparece registrado a nombre de la persona exenta.

(5) Copia de la declaración de arbitrios y el correspondiente recibo del pago del vehículo exento entregado a cambio, si alguno.

(6) Copia de la licencia del vehículo exento entregado a cambio, si alguno.

*738
(7) Certificado de nacimiento en caso de un vehículo a ser utilizado para la transportación de un menor no emancipado. (Menor de 18 años)

(8) Tutoría Judicial en caso que la exención solicitada sea para la transportación de un adulto judicialmente incapacitado."
La contención de la parte peticionaria es que las normas citadas tienen el efecto de requerir una tutoría especial para personas parapléjicas, distinta a la tutela de incapacitados contemplada por el Código Civil, a los únicos fines de disfrutar de la exención contenida en la Ley de Arbitrios.
Opinamos que las categorías mencionadas en la citada sección 2027 del Código de Rentas Internas de 1994 son suficientemente amplias como para cobijar el caso de la Sra. Fuentes si, en efecto, las circunstancias de dicha parte son las aseveradas por ésta. Ello no implica, sin embargo, que el peticionario tenga derecho a ser designado como "tutor ad hoc" de su esposa, para los fines de dicha exención. A nuestro juicio, dicha tutoría especial no existe.
El texto de los preceptos citados no apoya la contención del peticionario. Aunque el inciso (4) de la sección 2027 expresa que la exención está disponible a "todo tutor de un adulto judicialmente incapacitado", ello no implica que se esté creando una categoría nueva de tutoría, la cual de otro modo no se define en el estatuto. Al contrario, la ausencia de toda otra referencia implica que el término tutor de un adulto judicialmente incapacitado debe ser interpretado de acuerdo al significado común de dicho vocablo, que no es otro que el que se usa para designar lá tutoría establecida por los arts. 167 y ss. del Código Civil, 31 L.P.R.A. sees. 661 y ss. Véase, 31 L.P.R.A. sec. 15 (las palabras de una ley deben ser entendidas en su más corriente y usual significación, atendiendo al uso general y popular de las voces); Pueblo v. Villafañe Fabián, _ D.P.R. _ (1995), 95 J.T.S. 132, a la pág. 124; R. Elfrén Bernier y José Cuevas Segarra, Aprobación e Interpretación de las Leyes en Puerto Rico, 2da edición, Publicaciones JTS, 1987, a la pág. 275.
Esta conclusión también se encuentra apoyada por el requisito, incluido en el precepto de que, "las personas judicialmente incapacitadas estén permanentemente paraplégicos". Si, como plantea el peticionario, el propósito de la sección 2027 del Código de Rentas Internas fuese crear una incapacidad y tutoría distinta a la del Código Civil, no existiría razón para que este último fuese un requisito independiente a dicha incapacidad.
La interpretación más razonable del precepto, de este modo, es que la incapacidad contemplada es aquella establecida por el Código Civil, a la que ha de añadirse el requisito de que la persona incapacitada esté permanentemente parapléjica. El Boletín Informativo del Departamento de Hacienda tampoco apoya la postura del peticionario, puesto que dicho documento sólo requiere la presentación de la resolución sobre tutoría judicial en aquellos casos en que "la exención solicitada sea para la transportación de un adulto judicialmente incapacitado". Según observara la distinguida Sala del Tribunal de Primera Instancia, de lo anterior se desprende que la tutoría es opcional, uno de los distintos supuestos en los que puede reconocerse la exención, y no un requisito aplicable a todos.
El peticionario invoca una resolución anterior del Tribunal de Primera Instancia concediendo una solicitud parecida a la del peticionario. Según se desprende de nuestra discusión anterior, sin embargo, consideramos que dicha resolución responde a una interpretación inexacta de la sección 2027, por lo que declinamos conceder peso a este precedente.
Aparentemente, la dificultad confrontada por la parte peticionaria es que la Sra. Fuentes no está autorizada a conducir un vehículo de motor, debido a su incapacidad, ni trabaja en un empleo remunerado, por lo que, de acuerdo a una lectura literal de la sección 2027, para que pueda beneficiarse de la exención, el único supuesto restante contenido en dicho precepto sería en caso en que mediara una tutoría judicial.
Hemos indicado, sin embargo, que en nuestra opinión, dicho requisito resulta innecesario en el presente caso, puesto que el lenguaje del precepto razonablemente incluiría a la Sra. Fuentes. Si el vehículo en cuestión es un vehículo especial para personas impedidas y el título del mismo obra en *739 poder de ésta y/o de la sociedad legal de bienes gananciales que tiene constituida con el peticionario, entonces la Sra. Fuentes tendría derecho a acogerse a la exención, independientemente de que ella no sea la persona que va a conducir, por carecer de una licencia.
Cabe hacer hincapié en que el estatuto expresamente crea la exención para "un vehículo de motor especialmente preparado y equipado para... uso personal [de la persona que reclama la exención] o de la persona parapléjica a quien esté destinado". 13 L.P.R.A. see. 9027
Toda vez que, en el presente caso, la Sra. Fuentes no está incapacitada dentro del contexto del art. 167 del Código Civil y que dicha parte no requiere de una "tutoría ad hoc" para disfrutar del beneficio concedido por la sección 2027 del Código de Rentas Internas de 1994, concluimos que el Tribunal de Primera Instancia no erró al no acoger la petición del peticionario. Notifíquese por teléfono, vía facsímil y por la vía ordinaria.
Lo pronunció el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General